THE BERGENFIELD PRINTING COMPANY. complainant,

*v.*

INTERTYPE CORPORATION, defendant.

[Decided February 4th, 1929.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"In the suit of *Webster* v. *Bergenfield Press, Incorporated,* in this court, the defendant therein was adjudged an insolvent corporation and a receiver was appointed. The receiver filed a report and petition wherein he prayed for directions concerning a sale of the land and personal property of said defendant, in which report he set out, as among the liens on the personal property, a mortgage held by the Intertype Corporation on one 'Intertype'. machine, on which there was due 'upwards of $300.' An order was entered directing the re-

ceiver to sell the real and personal property at public sale, subject to all encumbrances thereon. The receiver made sale and filed his report, showing that he had given notice by publication and posting that he would sell the real and personal property subject to all liens and encumbrances thereon by reason (among others) of chattel mortgages and subject to any and all other liens and encumbrances thereon; that he had exposed the land, plant and equipment at public vendue and publicly announced at the sale that the personal property was subject to certain liens, among which were 'chattel mortgage held by Intertype Corporation on Duplex Press, original amount $5,800, balance due $600; chattel mortgage held by Intertype Corporation on Monotype machine, original amount $4,495, balance due $300;' that Fred R. Schellhorn bid for all the real and personal property $500, subject to all the liens and encumbrances aforesaid, amounting in all on the day of sale to '$68,614, or about that sum;' and that the property was struck off and sold to said purchaser for the price aforesaid. An order was entered upon said report reciting that the receiver had made sale of the lands, machinery, plant and equipment for $500, subject to all liens and encumbrances, amounting to '$68,614, or about that sum' (but not specifying any lien or encumbrance), and directing the receiver to make conveyance to the purchaser or his assignee. The purchaser assigned his bid to Bergenfield Printing Company, the complainant in the instant case, and the receiver executed and delivered to that corporation a bill of sale, wherein is recited all the proceedings aforesaid, including a recital that the sale was made subject to all liens and encumbrances on the property sold.

"Included in the property sold by the receiver and conveyed to the complainant herein, were two letter intertypes, or type-casting machines, on which the defendant herein, Intertype Corporation, held two chattel mortgages executed and delivered to it by Bergenfield Press, Incorporated (the recording of which antedated the appointment of the receiver in the Webster suit by more than five years), one being dated May 13th, 1920, for $5,800, recorded July 13th, 1920, and the other dated October 1st, 1921, for $4,495 recorded November 4th,

1921. Just prior to the filing of the bill of complaint in this cause, the Intertype Corporation proceeded to foreclose its mortgages. The complainant herein thereupon filed its bill to attack the validity of the mortgages on the ground that they do not comply with the provisions of section 4 of our Chattel Mortgage act (*Comp. Stat. p. 463*), because they were not recorded with reasonable dispatch after their delivery and also because the affidavits annexed thereto are defective. The bill also alleges that subsequent to the execution and delivery of said mortgages and prior to the appointment of the receiver in the Webster suit, Bergenfield Press, Incorporated, executed two chattel mortgages to Randolph Perkins, covering the mortgagor's entire personal property, including said two typecasting machines and that Perkins has taken said machines into his possession and claims that his mortgages are liens thereon. The bill is filed against the Intertype Corporation and Randolph Perkins and prays a decree that complainant's title is free from the lien of the defendant's chattel mortgages and that the Intertype Corporation be restrained from proceeding with its foreclosure sale.

"The defendant Perkins filed an answer asserting the validity of his mortgages and of his lien thereunder and denying the validity of the Intertype Corporation's mortgages and he also filed a counter-claim against the Intertype Corporation, setting up his mortgages, alleging their validity and that at the time of their execution and delivery, he had no notice of the mortgages of the Intertype Corporation and further alleging that those mortgages are defective and invalid and praying that they be decreed null and void. The answer of the Intertype Corporation to the bill and to the Perkins counter-claim asserts the validity of its mortgages, claims $400 with interest from April 27th, 1920, due thereon, alleges that the receiver's sale in the Webster suit was made expressly subject to its mortgages and that the sale to complainant was with notice and knowledge of its mortgages. At the hearing of this cause the defendant Perkins abandoned his defense to complainant's bill and his counter-claim against the Intertype Corporation and the hearing proceeded on the issues between the complainant and Intertype Corporation.

"The right of complainant to come into court for the relief prayed for was not questioned by the pleadings or at the hearing (*Jersey City Milling Co.* v. *Blackwell, 58 N. J. Eq. 122; Dey* v. *Moody, 91 N. J. Eq. 14*), and I will not question it now.

"On the merits of the case the complainant ought not succeed against the Intertype Corporation, because the proceedings in the Webster suit, under which it acquired title to the machines in question, gave notice to it that there were liens on all the property owned by the insolvent defendant in that suit and as purchaser it was bound by the information which an examination of the proceedings would disclose. Such examination, besides showing that the receiver's sale was made subject to all liens and encumbrances, would also disclose that in the receiver's petition for sale it was stated that the Intertype Corporation held a mortgage on one 'Intertype' on which upwards of $300 was due. It would also disclose that in the receiver's conditions of sale it was expressly stated that the Intertype Corporation held two chattel mortgages, one for $5,800 and the other for $4,495, and while it is true that it was stated that those mortgages covered a duplex press and a monotype machine respectively, the name of the mortgagee and the amount of each mortgage were stated correctly and an examination of the chattel mortgage records would have disclosed the true facts. Moreover, Mr. Perkins, who held chattel mortgages on the machines was present at the receiver's sale and it was he who authorized the successful bid for the property for the benefit of the complainant company, of which he is now the president and treasurer. He had a copy of the conditions of sale and a list of the encumbrances and he heard the receiver's announcement of the particular encumbrances. He is also a lawyer and his law partner was the solicitor for the complainant and for the receiver in the Webster suit and is the solicitor for the complainant in this suit. Because of these facts I feel that before becoming the purchaser at the receiver's sale, the complainant had such notice of the existence of chattel mortgages on the property to be sold, that it was its duty to investigate and investigation would have disclosed the complete facts. Whatever puts a party upon an inquiry, amounts in the judgment of law to notice, provided the in-

quiry becomes a duty as in the case of a purchaser and would lead to the knowledge of the requisite facts by the exercise of ordinary diligence and understanding. *Hoy* v. *Bramhall, 19 N. J. Eq. 563, 572; Vredenburgh* v. *Burnet, 31 N. J. Eq. 229; affirmed, 34 N. J. Eq. 252; Moore* v. *Kraemer, 50 N. J. Eq. 776; Wahl* v. *Sloy, 72 N. J. Eq. 607, 616.*

"It appears from the proofs that the two chattel mortgages given by Bergenfield Press, Incorporated, to Intertype Corporation, were not given for separate debts but that the second mortgage was given to secure payment of the balance then due on the first mortgage; the first mortgage should therefore be receipted and delivered up for cancellation of record. It also appears from the proofs that there remains unpaid on the second mortgage the principal sum of $400, but I do not recall that the evidence showed from what date interest is due on that sum.

"The complainant is in no position to attack the validity of the second mortgage on the ground that it was not recorded promptly or that the affidavit thereto is defective, because it became the purchaser of the machines in question, with other property, subject to liens and encumbrances amounting to '$68,614 or about that sum' and from the evidence it appears that the mortgage in question was among those liens and encumbrances and that the amount due thereon was included in said total sum. Having agreed to buy the machines subject to the lien of this mortgage, it would be inequitable to allow the complainant to attack the validity of the lien and through such attack, perhaps, violate the condition upon which it acquired ownership. *Warwick* v. *Dawes, 26 N. J. Eq. 548, 556; Lee* v. *Stiger, 30 N. J. Eq. 610; Hackensack Water Co.* v. *De Kay, 36 N. J. Eq. 548; Fidelity Trust Co.* v. *Staten Island Clay Co., 70 N. J. Eq. 550; Camden, &c., Co.* v. *Citizens Ice, &c., Co., 71 N. J. Eq. 221; Peoples Building and Loan Assn.* v. *Vaniewsky, 85. N. J. Eq. 551; Dey* v. *Moody, supra; Patch Manufacturing Co.* v. *Gahagan Co., 93 N. J. Eq. 73; Holloway* v. *Hendrick, 98 N. J. Eq. 713, 717; Berk* v. *Isquith Productions, Inc., 98 N. J. Eq. 608.*

"I will hear counsel on the form of decree to be entered in conformity with these conclusions."

*Mr. John Drewen,* for the appellant.

*Messrs. Lum, Tamblyn & Colyer,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Fielder.

*For reversal*—None.